Jimmy Hart, Conway County Judge Conway County Courthouse 117 S. Moose St., Suite 203 Morrilton, AR 72110
Dear Judge Hart:
You have requested approval, pursuant to the Interlocal Cooperation Act (A.C.A. § 25-20-101 et seq.), of a proposed agreement, captioned "Interlocal Agreement for Emergency Medical Services" (the "Agreement") between the Conway County Intergovernmental Council (the "Council"), which comprises the chief executives of Conway County and its constituent cities, and Med-Tech EMS of Conway County, Arkansas ("Med-Tech"), which the Agreement characterizes as "a duly licensed corporation" that "has provided emergency medical services and ambulance transportation within Conway County since 1987." The Agreement contemplates that Med-Tech will continue to provide these services within Conway County under an exclusive franchise.
The Council was formed pursuant to the provisions of A.C.A. §14-27-102(a) (Repl. 1998), which provides:
 There is established within each county of this state a county intergovernmental cooperation council to facilitate cooperation among all the local government subdivisions of each county, to encourage the efficient use of local government resources, and to eliminate the duplication of services by local governments.
Among the tasks statutorily charged to the Council is to "[e]xplore the use of joint purchasing and buying agreements to purchase goods and services in an effort to achieve economies of scale that would not be possible without mutual cooperation." A.C.A. § 14-27-101(b)(2) (Repl. 1998). The Council is further expressly charged with periodically reviewing "[a]mbulance and emergency medical services" within the county. A.C.A. §14-27-104(a)(4) (Repl. 1998).
I must respectfully disagree with your suggestion that the Agreement is an interlocal agreement of the sort that I would be obliged to approve pursuant to A.C.A. § 25-20-104(f)(1) (Repl. 2002). The Agreement strikes me as a mere service contract between a statutorily mandated public entity (the Council) and a private corporation offering ambulance and emergency medical services. As regards Med-Tech's corporate structure, I should note that the Interlocal Cooperation Act authorizes joint undertakings only between or among public agencies, see A.C.A. § 25-20-104(b) (Repl. 2002) — a category that does not include a private entity like Med-Tech. See definition of "public agency" at A.C.A. § 25-20-103 (Supp. 2005). To be sure, there is an element of public interlocal cooperation reflected in the Agreement insofar as the Conway County political subdivisions would be acting jointly in contracting with Med-Tech. However, the proposed cooperation is not to be undertaken pursuant to the Interlocal Cooperation Act, which does not even address the possibility of various political subdivisions jointly contracting with a private entity, but rather pursuant to a totally different subchapter of the Code that obligates the political subdivisions of a county to consider negotiating joint purchases of services of the sort at issue. Accordingly, I must conclude that the parties to the proposed Agreement do not need my approval to proceed.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh